# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:05-60040-01** |
| **VERSUS** | |
| **KEITH HENDERSON** | **JUDGE JAMES** |

### GOVERNMENT'S OPPOSITION TO A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America, who moves for the Court to deny Defendant-Movant KEITH HENDERSON's motion for a reduced term of imprisonment under Section 404 of the First Step Act of 2018 (the "First Step Act"). However, the government does not oppose Defendant-Movant's motion for a reduced eight-year term of supervised release pursuant to the Act.

## I. BACKGROUND

Section 404 of the First Step Act authorizes district courts to impose a reduced sentence for crack-cocaine convictions that would have been subject to the reduced statutory penalty provisions of the Fair Sentencing Act of 2010 (the "Fair Sentencing Act") had that Act been in effect at the time of the original sentencing. However, the First Step Act does not authorize resentencing when a term of imprisonment is founded on a statutory minimum penalty that was not changed by the Fair Sentencing Act. For example, the Fair Sentencing Act did not reduce the statutory

mandatory minimum terms of imprisonment for defendants convicted of trafficking 280 grams or more of cocaine base.

On July 13, 2005, Defendant-Movant and a co-defendant were charged in a three-count indictment for offenses occurring on multiple dates. Count One charged conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Counts Two and Three charged possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On July 15, 2005, the Government filed a Section 851 notice of Defendant-Movant's prior conviction of a felony drug offense, which increased Defendant-Movant's statutory penalty.

On April 21, 2006, Defendant-Movant was found guilty of all counts following a jury trial. During trial, the Government proved the Count One conspiracy involved Defendant-Movant distributing approximately 11.34 kilograms of cocaine base, and Counts Two and Three involved him distributing approximately 128.3 grams and 124.9 grams of cocaine base, respectively. Based on the amounts of cocaine base and the Section 851 enhancement, the minimum term of imprisonment for each count was 20 years and the maximum term was life imprisonment. Based on his base offense level of 38 and his criminal history category of III, the Guidelines imprisonment range was 292 to 365 months per count. On July 28, 2006, the court imposed a concurrent sentence of 296 months of imprisonment and 10 years of supervised release as to each count. On March 28, 2017, pursuant to the Government's 18 U.S.C. § 3582(c)(2)

motion, the court reduced Defendant-Movant's sentence to 240 months of imprisonment.

## II. APPLICATION OF THE FAIR SENTENCING ACT TO DEFENDANT'S SENTENCE OF IMPRISONMENT FOR COUNT ONE

The Fair Sentencing Act's reduced penalty structure would not have applied to Defendant-Movant's Count One crack-cocaine conviction had that Act been in effect at that time. The Fair Sentencing Act merely increased the cocaine-base quantity needed to trigger the 20 year to life statutory mandatory minimum following a prior conviction of a felony drug offense from 50 grams to 280 grams. Here, Defendant-Movant's Count One conviction was based on a quantity of 11.760 kilograms of cocaine base, which is well above the new quantity threshold. Accordingly, the Court is not authorized to impose a reduced sentence under Section 404 because Defendant-Movant is subject to the same statutory mandatory minimum sentence of imprisonment as he was when the court originally sentenced him. Furthermore, following the Government's Section 3553 motion, the court resentenced Defendant-Movant to the statutory mandatory minimum of imprisonment of 240 months.[1] Defendant-Movant is not eligible for a further reduction pursuant to the First Step Act.

---

[1] Defendant-Movant's Guidelines range was reduced from 292 to 365 months to 235 to 293 months, which is adjusted upward to 240 to 293 months based on his statutory mandatory minimum. Therefore, Defendant-Movant's current sentence also rests at the minimum of the revised Guidelines range.

### III. APPLICATION OF THE FAIR SENTENCING ACT TO DEFENDANT'S TERM OF SUPERVISED RELEASE FOR COUNT ONE

The Government agrees that Defendant-Movant is eligible for a reduction of his term of supervised release. As to the crack-cocaine conviction under each count, the district court originally imposed the mandatory minimum term of supervised release at the time, which was ten years. Under the Fair Sentencing Act, the revised minimum term of supervision for each count is eight years. Accordingly, the Government asks the court to reduce the term of supervision for each count from ten years to eight years, and for all other conditions of supervision to remain the same.

### IV. CONCLUSION

WHEREFORE, the United States of America respectfully asks the Court to deny Defendant-Movant's motion for a reduced sentence of imprisonment pursuant to Section 404 of the First Step Act, but grant Defendant-Movant's request for a reduced term of supervised release. The Government asks the Court to enter an amended judgment resentencing Defendant-Movant accordingly.

Respectfully Submitted,

DAVID C. JOSEPH
UNITED STATES ATTORNEY

BY: */s Cadesby B. Cooper*
CADESBY B. COOPER
NY Reg. # 5415583
Assistant U.S. Attorney
300 Fannin St., Suite 3201
Shreveport, LA 71101
(318) 676-3600 (Phone)