UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA                  CASE NO.  6:05-CR-60040-01

VERSUS                                    JUDGE ROBERT G. JAMES

KEITH ROMAN HENDERSON (01)                MAGISTRATE JUDGE HANNA

RULING

Before the Court is a Motion for Early Termination of Supervised Release [ECF No. 319],

filed by Petitioner Keith R. Henderson. The government opposes the motion, and Petitioner has

filed a reply.[1] For the reasons that follow, the motion is GRANTED.

I.

BACKGROUND

On July 13, 2005, Henderson and his brother were indicted for various narcotics offenses.

On April 21, 2006, a jury convicted both defendants on several of the charges. On July 28, 2006,

Henderson was sentenced to 296 months imprisonment, to be followed by a ten-year term of

supervised release. On March 28, 2017, Henderson's sentence was reduced to 240 months

imprisonment, pursuant to a retroactive amendment to the United States Sentencing Guidelines.

On July 15, 2019, the Court reduced Henderson's sentence to time served, pursuant to section 404

of the First Step Act of 2018. The Court additionally reduced Henderson's term of supervised

release to eight years.

Henderson's term of supervision commenced on July 15, 2019. Henderson has complied

with all conditions of supervision to date and now seeks early termination of supervised release.

The government opposes the motion, arguing Henderson's "lack of employment stability and

---

[1] ECF Nos. 321, 322; *see also* ECF No. 324.

support system, . . . possible domestic instability and unreported contact with law enforcement" are factors warranting the denial of Henderson's motion.[2]

## II.
### LEGAL STANDARD

In 1984, "Congress overhauled federal sentencing procedures to make prison terms more determinate and abolish the practice of parole."[3] In lieu of parole, "Congress established the system of supervised release. But '[u]nlike parole,' supervised release wasn't introduced to replace a portion of the defendant's prison term, only to encourage rehabilitation *after* the completion of his prison term."[4] "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."[5] The "primary goal" of supervised release "is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release."[6] Pursuant to 18 U.S.C. § 3583, the Court, after considering certain factors set forth in 18 U.S.C. § 3553(a), may "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . , if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[7] Whether to grant a motion to terminate a term of supervised release is a matter within the "broad discretion" of the district court.[8] As pertinent to this matter, the § 3553(a) factors which district courts must consider before terminating supervision include: "the nature and

---

[2] ECF No. 321 at 1; *see also id.* at 3-4.
[3] *United States v. Haymond*, 139 S.Ct. 2369, 2382 (2019).
[4] *Id.* (quoting United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012)) (alteration in original); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.")
[5] *Johnson* at 59.
[6] S. REP. 98-225, 124, 1984 U.S.C.C.A.N. 3182, 3307 (1983).
[7] 18 U.S.C. § 3583(e)(1).
[8] *U.S. v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

circumstances of the offense and the history and characteristics of the defendant;" and "the need .
. . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes
of the defendant; and . . . to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment . . . ."[9]

### III.
### DISCUSSION

After reviewing the history of this case, the briefing and exhibits filed in connection with
the underlying motion, consultation with Mr. Henderson's probation officer, and the applicable
law, the Court concludes that: (1) Mr. Henderson's behavior and conduct warrant early termination
of supervised release, and (2) early termination of supervision is in the interest of justice.[10] Mr.
Henderson has complied with all conditions of supervision to date. He has never tested positive
for illegal substances and has maintained stable employment and a stable residence throughout his
three years of supervision. Since his release, Mr. Henderson has diligently worked toward being a
better husband, father and stepfather, as evidenced, in part, by he and his wife's decision to attend
couples counselling through their church. Henderson has worked as a tow truck driver for the last
two years, he supplements his income by driving for a rideshare company, and he and his wife
have started their own business. These facts demonstrate that Mr. Henderson is motivated to
remain a law-abiding citizen beyond the termination of his supervision. In sum, Mr. Henderson's
conduct shows that he is ready to fully transition into society as a law-abiding citizen.

---

[9] 18 U.S.C. § 3553(a).
[10] *See* 18 U.S.C. § 3583(e)(1).

**IV**
**CONCLUSION**

For the foregoing reasons, the Court ORDERS that Keith R. Henderson's Motion for Early

Termination of Supervised Release [ECF No. 319] be GRANTED, and the United States Probation

Office is DIRECTED to process the early termination of Mr. Henderson's supervised release.

SIGNED this 16th day of August, 2022.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**